IN THE
UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

FILED

AUG 1 2 2004

U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

| | |
|---|---|
| LOCAL NO. 131, NATIONAL CONFERENCE OF FIREMEN AND OILERS, SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO-CLC,<br><br>    Plaintiff,<br><br>v.<br><br>INDIANAPOLIS WATER COMPANY; NISOURCE INC.; US FILTER INDIANAPOLIS WATER, LLC; AND VEOLIA WATER INDIANAPOLIS, LLC,<br><br>    Defendants. | CASE NO.:<br><br>1:04 -- 1323-SEB-VSS |

## COMPLAINT WITH JURY DEMAND

Plaintiff, by counsel, for its complaint against defendants states:

### Nature of Complaint

1. Plaintiff Local No. 131, National Conference of Firemen and Oilers, Service Employees International Union, AFL-CIO-CLC ("Union") brings this action to compel the arbitration of grievances arising under a collective bargaining agreement with defendants Indianapolis Water Company, Nisource Inc., US Filter Indianapolis Water, LLC and Veolia Water Indianapolis, LLC. Jurisdiction is conferred on this Court by Section 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185.

## Parties

2. Prior to 05/01/02, the Indianapolis Water Company ("IWC") operated the water system in Indianapolis, Indiana, within the territorial jurisdiction of this Court. IWC is an employer within the meaning of 29 U.S.C. §152 (2).

3. IWC is a wholly-owned subsidiary of NiSource Inc. ("NiSource"). NiSource is a successor to the assets and liabilities of IWC. NiSource is an employer within the meaning of 29 U.S.C. §152 (2).

4. Subsequent to 05/01/02, Indianapolis Water, LLC ("US Filter") operated the water system in Indianapolis, Indiana. US Filter is an employer within the meaning of 29 U.S.C. §152 (2).

5. Veolia Water, Indianapolis, LLC ("Veolia") currently operates the water system in Indianapolis, Indiana. Veolia is a successor to the assets and liabilities of US Filter. Veolia is an employer within the meaning of 29 U.S.C. §152(2).

6. At all times relevant to this complaint, the Union has represented the production and maintenance unit employees of defendants at their facilities in Indianapolis, Indiana. The Union is a labor organization within the meaning of 29 U.S.C. §152(5).

## Factual Background

7. Prior to 05/01/02, IWC and the Union were parties to successive collective bargaining agreements covering the terms and conditions of employment of the bargaining unit employees of IWC.

8. The last collective bargaining agreement between IWC and the Union was scheduled to be effective between 01/01/99 and 12/31/03. ("CBA") (Exhibit 1).

9. Section 5 of the CBA contained a grievance procedure leading to binding arbitration.

10. Prior to 05/01/02, the Union filed the following grievances:

|    | Grievant | Grievance No. | Filing Date | Nature of Complaint |
|----|----------|---------------|-------------|---------------------|
| a. | Jeff Watson | 00-22 | 06/07/00 | Job Bid |
| b. | Kevin Bruce | 00-37 | 11/17/00 | Job Bid |
| c. | Local 131 (Palm pilots) | 00-41 | 11/16/01 | Unilateral change |
| d. | Larry Kersey | 01-12 | 03/23/01 | Job Demotion |
| e. | Vernon Collins | 01-27 | 08/28/01 | Removal from Job |
| f. | Becky Irvin | 02-07 | 03/20/02 | Subbing up |
| g. | Local 131 (LTD) | 02-11 | 04/30/02 | LTD Plan |

11. On 12/03/03, the Union filed the following grievance (collectively "Grievances") for liability incurred prior to 05/01/02.

|    | | | | |
|----|----|----|----|----|
| h. | Robert Reed | 03-41 | 12/10/03 | Worker's Compensation Pay |

12. On 05/01/02, the assets of IWC were sold to the City of Indianapolis, which entered into an operating agreement with US Filter.

13. Effective 05/01/02, US Filter assumed the CBA between IWC and the Union.

14. Prior to 05/01/02, the Union bargained with representatives of IWC over the Grievances. Subsequent to 05/01/02, the Union bargained with representatives of US Filter and then Veolia over the Grievances until or on about 03/22/04.

15. On or about 03/22/04, Veolia informed the Union that it would not arbitrate the Grievances.

16. On or about 04/12/04, after learning for the first time that Veolia was disclaiming responsibility for resolution of the Grievances, the Union demanded that IWC and NiSource agree to arbitrate the Grievances. IWC and NiSource have refused to arbitrate the Grievances.

### Legal Claim

17. Defendants' refusal to arbitrate the Grievances is a breach of the collective bargaining agreement between defendants and the Union.

### Request For Relief

WHEREFORE, plaintiff requests the following relief:

A. an order requiring defendants to arbitrate the Grievances;

B. the costs of maintaining this action; and

C. such further relief as may be appropriate.

Respectfully submitted,
MACEY SWANSON AND ALLMAN

Richard J. Swanson, Atty No. 1605-49
Attorney for Plaintiff